IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE, #1047716, | § § | |
| PETITIONER, | § § | |
| v. | § § | CIVIL CASE NO. 3:24-CV-2145-B-BK |
| DIRECTOR, TDCJ-CID, | § § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Demarcus Kenard Joe's complaint, construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States Magistrate Judge for case management, including the entry of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, it is recommended that the construed habeas petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

Joe's pleadings are difficult to decipher and largely illogical. Doc. 3. He requests "prerelease" and a 14-day "time cut" because of "credit/time served" in case number W00-49647. Doc. 3 at 1. Joe also complains of false arrest and false imprisonment, Doc. 3 at 3, and cites 28 U.S.C. § 1915 and 42 U.S.C. § 1983, Doc. 3 at 1, 4. Without specifying a cause of action, Joe twice mentions case number F01-21548—presumably the Dallas County case in which he was convicted and is currently confined. Doc. 3 at 1-2. Thus, the Court presumes he intends to challenge his conviction in that case.

In 2000, Joe pleaded guilty to unauthorized use of a motor vehicle and was placed on community supervision for three years in accordance with the plea agreement. *State v. Joe*, F00-49647 (363rd Jud. Dist. Ct., Dallas Cnty., Tex., July 18, 2000). In 2001, he was convicted of murder and capital murder and sentenced to life imprisonment. *See State v. Joe*, Nos. F01-21548 & F01-21550 (363rd Dist. Ct., Dallas Cnty., Tex., June 22, 2001). On the same day, the trial court discharged Joe from further probation in No. F00-49647 and dismissed that indictment.[1] *Id.*

Later, Joe unsuccessfully challenged his murder and capital murder convictions in state and federal habeas proceedings and filed a number of successive petitions that were summarily dismissed. *See Joe v. State*, No. 3:20-CV-3133-D-BK (N.D. Tex. Oct. 23, 2020) (collecting habeas filing history, repeated dismissals of successive petitions, and warning that sanctions may be imposed), *rec. accepted*, 3:20-CV-3133-D-BK (N.D. Tex. Dec. 7, 2020). More recently, Joe filed a state habeas application in Case No. F00-49647, but it was dismissed without written order because his community supervision had not been revoked. *In re Joe*, No. WR-61,767-18 (Tex. Crim. App. Aug. 21, 2024) (Tr. Ct. No. W00-49647-G).

Upon review, the Court concludes that it lacks jurisdiction to consider Joe's construed habeas corpus petition.[2]

---

[1] The Court takes judicial notice of the Dallas County District Court's online docket sheets and records found at https://www.dallascounty.org/services/record-search/ (last visited Aug. 23, 2024).

[2] Joe has not paid the filing fee or moved to proceed *in forma pauperis*. Because his construed petition should be dismissed, the Court finds no reason to require compliance with filing requirements.

## II. ANALYSIS

The Court lacks jurisdiction to entertain Joe's construed habeas petition under 28 U.S.C. § 2254. That section is reserved for habeas applications on "behalf of a person *in custody* pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490 (1989).

As outlined *supra*, Joe is not currently in custody based on the judgment in Case No. F00-49647. In 2001, the trial court discharged him from further probation and dismissed the indictment. Joe is presently serving life sentences for murder and capital murder in Case Nos. F01-21548 and F01-21550. Therefore, the Court lacks jurisdiction over his construed petition challenging Case No. F00-49647.

Further, even assuming Joe is attacking his 2001 murder and capital murder convictions, his construed petition is successive and the Court lacks jurisdiction to entertain it. *See* 28 U.S.C. § 2244(b) (limiting the circumstances under which a petitioner may file a second or successive application for federal habeas relief). Joe challenged his 2001 convictions, as noted, and he has not obtained prior authorization to file a successive application from the Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the court of appeals has first granted the petitioner permission to file such a petition. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

Additionally, Joe's vague allegations of false arrest and false imprisonment are not cognizable in this habeas corpus action. *See* 28 U.S.C. § 2254(a) (providing for federal habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"). Nevertheless, Joe is barred from raising civil rights claims by the three-strike provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). In 2020, this Court found Joe was barred from filing civil lawsuits by the PLRA three-strike provision. *See Joe v. Johnson*, No. 3:20-CV-3309-E-BK, 2020 WL 6928380, at *1 (N.D. Tex., Dallas Div., Nov. 9, 2020) (collecting prior strikes and dismissing case under § 1915(g) with sanction warning ), *rec. accepted*, No. 3:20-CV-3309-E-BK, 2020 WL 6893123, at *1 (N.D. Tex. Nov. 24, 2020). As in his previous cases, Joe's allegations here are difficult to decipher and he presents no claim of imminent danger of serious physical injury. Joe is thus barred from proceeding *in forma pauperis* in a civil action under § 1915(g).

### III. RECOMMENDATION

For all these reasons, Joe's construed habeas petition under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and his vague civil rights claims, if any, should be **DISMISSED WITHOUT PREJUDICE** as they are not cognizable in a habeas corpus action and he is barred from proceeding *in forma pauperis* by the three-strike provision of 28 U.S.C. § 1915(g).

**SO RECOMMENDED** on September 19, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).